**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| PKS BAGELS, INC. d/b/a BAGEL BOSS, HONG R. SEO, STEVEN BERGEN and "MR. BOX" (an individual whose full name is currently unknown but is expected to become known in the course of discovery), | **CLASS ACTION** |
| Defendants. | |

Plaintiffs SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA, by
and through their undersigned attorneys, for their complaint
against defendants PKS BAGELS, INC. d/b/a BAGEL BOSS, HONG R.
SEO, STEVEN BERGEN and "MR. BOX" (an individual whose full
name is currently unknown but is expected to become known in
the course of discovery) allege as follows, on behalf of
themselves and on behalf of all other persons similarly

situated:

## **NATURE OF THE ACTION**

1.    Plaintiffs SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants PKS BAGELS, INC. d/b/a BAGEL BOSS, HONG R. SEO, STEVEN BERGEN and "MR. BOX", who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime compensation pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime compensation pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to

New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff SANTOS MARTINEZ is an adult individual residing in Plainview, New York.

4.   Plaintiff ISIDRO CASTRO GUERRA is an adult individual residing in Hempstead, New York.

5.   SANTOS MARTINEZ and ISIDRO CASTRO GUERRA each consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent was previously filed.

6.   Defendant PKS BAGELS, INC. d/b/a BAGEL BOSS is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "PKS BAGELS") with a registered business address and principal place of business at 43 Old Country Rd, Carle Place, New York 11514.

7.   Defendant PKS BAGELS owns and operates a restaurant named "Bagel Boss" located at 43 Old Country Rd, Carle Place, New York 11514.

8.   At all relevant times, defendant PKS BAGELS was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.   At all relevant times, defendant PKS BAGELS has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   Upon information and belief, at all relevant times, defendant PKS BAGELS has had gross revenues in excess of $500,000.00.

11.   Upon information and belief, at all relevant times herein, defendant PKS BAGELS has used goods and materials produced in interstate commerce and has each employed at least two individuals who handled such goods and materials.

12.   Upon information and belief, defendant HONG R. SEO is an owner or part owner and principal of PKS BAGELS, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.   Defendant HONG R. SEO was involved in the day-to-day operations of PKS BAGELS and played an active role in managing the business.

14.   Upon information and belief, defendant STEVEN BERGEN is an owner or part owner and principal of PKS BAGELS, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.   Defendant STEVEN BERGEN was involved in the day-to-day operations of PKS BAGELS and played an active role in

managing the business.

16.   Upon information and belief, defendant "MR. BOX" is an owner or part owner and principal of PKS BAGELS, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17.   Defendant "MR. BOX" was involved in the day-to-day operations of PKS BAGELS and played an active role in managing the business.

18.   Defendants   constituted   "employers"   of   SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

19.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' businesses are located in this district.

## COLLECTIVE ACTION ALLEGATIONS

21.   Pursuant to 29 U.S.C. § 206 and § 207, SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA seek to prosecute their

FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since February 23, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. The Collective Action Members are similarly situated to SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

23. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

24. SANTOS MARTINEZ, and ISIDRO CASTRO GUERRA and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

25. The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

27. All said persons, including Plaintiffs, are referred to herein as the "Class."

### *The Class members are readily ascertainable*

28. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

### *Numerosity*

29. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently

within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

### *Commonality*

30.   There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

> a.   Whether Defendants employed Plaintiffs and the Class within the meaning of New York law.
>
> b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;
>
> c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;
>
> d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law;
>
> e.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;
>
> f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Rule 23 Class's start of employment and/or timely thereafter;

g.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

h.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

31.  Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

32.  Plaintiffs are able to fairly and adequately protect the Interests of the Class and have no interests antagonistic

to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

### *Superiority*

33.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The

prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.  Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

35.  At all relevant times herein, the defendants owned and operated Bagel Boss restaurant located at 43 Old Country

Road in Carle Place, New York.

36.  Mr. SANTOS MARTINEZ was employed at Bagel Boss, from October 2009 until March 2021.

37.  Mr. SANTOS MARTINEZ was hired by defendant STEVEN BERGEN.

38.  Mr. SANTOS MARTINEZ worked as a bagel baker.

39.  Mr. ISIDRO CASTRO GUERRA was employed at Bagel Boss from approximately June 16, 2019 until June 1, 2021.

40.  Mr. ISIDRO CASTRO GUERRA was hired by defendant STEVEN BERGEN.

41.  Mr. ISIDRO CASTRO GUERRA worked as a Dishwasher, Preparer, Maintenance worker and assisted in delivery of supplies.

42.  Mr. SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's work for the defendants was/is performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

43.  At all relevant times herein, Mr. SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

44.  During his employment by the defendants from October 2009 until March 2021, Mr. SANTOS MARTINEZ worked a

regular schedule of six days per week at Bagel Boss.

45.   Mr. SANTOS MARTINEZ's daily schedule during his employment by the defendants was as follows:  During the busy season (September, November and December) he worked fourteen (14) hours per day, from 4:00a.m. to 6:00p.m., seven (7) days per week for a total of ninety-eight (98) hours per week. During the remaining portion of the year (January – August) he worked ten (10) hours per day, from 4:00a.m. to 2:00p.m., six (6) days per week (Monday through Saturday).

46.   As a result, Mr. SANTOS MARTINEZ was working approximately 98 hours per week in the busy season (September, November and December) during his employment with the defendants.

47.   During the remainder of the year (January – August) Mr. SANTOS MARTINEZ was working approximately 60 hours per week.

48.   During his employment by the defendants, Mr. SANTOS MARTINEZ was paid a fixed weekly salary each Friday for his work at Bagel Boss, partly in cash and partly by check with a paystub as follows:  He was paid $600 by check and $700 in cash, increasing in 2015 to $800 in cash.

49.   During his employment by the defendants from August 2017 until April 1, 2020, Mr. ISIDRO CASTRO GUERRA worked a regular schedule of six days per week at Bagel Boss, ten (10)

hours per day, from 8:00 a.m. until 6:00 p.m., with Sunday off; during April 2020 he did not work due to Bagel Boss being closed as a result of the CoVid-19 pandemic; from May 1, 2020 to July 1, 2021 he worked nine (9) hours per day, from 7:00 a.m. until 4:00 p.m., with Sunday off.

50.   As a result, Mr. ISIDRO CASTRO GUERRA was working approximately sixty (60) hours per week from August 2017 until April 1, 2020 and fifty-four (54) hours per week from May 1, 2020 to July 1, 2021.

51.   During 2017 he was paid $640 in cash per week on Friday; in 2018 he was paid $800 in cash per week on Friday; in 2019 until April 1, 2020 he was paid $840 in cash per week on Friday; from May 1, 2020 until the end of his employment on July 1, 2021 he was paid $756 in cash per week on Friday (reduced hours after the pandemic).

52.   Mr. SANTOS MARTINEZ and Mr. ISIDRO CASTRO GUERRA received the aforementioned amounts for all hours worked, regardless of the exact number of hours they each worked in a given week.

53.   As a result, Mr. SANTOS MARTINEZ's and Mr. ISIDRO CASTRO GUERRA's effective rates of pay were each sometimes below the statutory New York minimum wage in effect at relevant times.

54.   Defendants' failure to pay SANTOS MARTINEZ and

ISIDRO CASTRO GUERRA an amount at least equal to the New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

55.   SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were each always paid at least partly in cash, and sometimes also by check, throughout their employment, and did not always receive paystubs or wage statements of any sort with their pay.

56.   Further, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA did not receive true and accurate paystubs or wage statements with their pay

57.   In addition, the defendants failed to pay SANTOS MARTINEZ and ISIDRO CASTRO GUERRA any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

58.   Defendants' failure to pay SANTOS MARTINEZ and ISIDRO CASTRO GUERRA the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

59.   The defendants also failed to pay SANTOS MARTINEZ and ISIDRO CASTRO GUERRA an additional hour's pay at the applicable minimum wage for each shift worked lasting in excess of 10 hours from start to finish (the "spread of hours compensation"), in violation of the New York Labor Law and

15

supporting New York State Department of Labor regulations.

60. Defendants' failure to pay the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

61. Defendants failed to provide SANTOS MARTINEZ and ISIDRO CASTRO GUERRA with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

62. Defendants failed to provide SANTOS MARTINEZ and ISIDRO CASTRO GUERRA with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

63. Upon information and belief, throughout the period of SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's employment at Bagel Boss, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like SANTOS MARTINEZ and

ISIDRO CASTRO GUERRA (the Collective Action Members) in positions at the defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

64. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

65. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

66. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

67. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

68. Upon information and belief, while the defendants employed Mr. SANTOS MARTINEZ and Mr. ISIDRO CASTRO GUERRA and

the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

69.  Upon information and belief, while the defendants employed SANTOS MARTINEZ and ISIDRO CASTRO GUERRA and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

70.  SANTOS MARTINEZ and ISIDRO CASTRO GUERRA repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71.  At all relevant times, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.  Defendants willfully violated SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

73.  Defendants' failure to pay compensation in excess

of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74. Due to the defendants' New York Labor Law violations, Mr. SANTOS MARTINEZ and Mr. ISIDRO CASTRO GUERRA are entitled to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

75. SANTOS MARTINEZ and ISIDRO CASTRO GUERRA, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, the defendants employed SANTOS MARTINEZ and ISIDRO CASTRO GUERRA and each of the Collective Action Members within the meaning of the FLSA.

77. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

78. As a result of defendants' willful failure to compensate their employees, including SANTOS MARTINEZ and

ISIDRO CASTRO GUERRA and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

80.  Due to the defendants' FLSA violations, Mr. SANTOS MARTINEZ and Mr. ISIDRO CASTRO GUERRA, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

81.  SANTOS MARTINEZ and ISIDRO CASTRO GUERRA repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82.  At all relevant times, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83.  Defendants willfully violated SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

84.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

85.  Due to the defendants' New York Labor Law violations, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Spread of Hours)

86.  SANTOS MARTINEZ and ISIDRO CASTRO GUERRA repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

87.  At all relevant times, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

88.   Defendants willfully violated SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

89.   Defendants' failure to pay the "spread of hours" compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

90.   Due to Defendants' New York Labor Law violations, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

91.   SANTOS MARTINEZ and ISIDRO CASTRO GUERRA repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

92.   At all relevant times, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

93.   Defendants willfully violated SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

94.   Defendants willfully violated SANTOS MARTINEZ's and ISIDRO CASTRO GUERRA's rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

95.   Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA are each entitled to recover from the defendants statutory damages of $250 per day, from June 2019 through June 2021, up to the maximum statutory damages.

96.   Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA are entitled to recover from the defendants statutory damages of $50 per day from June 2019 through June 2021, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, SANTOS MARTINEZ and ISIDRO CASTRO GUERRA respectfully request that this Court grant the following

relief:

   a.   Designation of this action as a collective action
        on behalf of the Collective Action Members and
        prompt issuance of notice pursuant to 29 U.S.C. §
        216(b) to all similarly situated members of an
        FLSA Opt-In Class, apprising them of the pendency
        of this action, permitting them to assert timely
        FLSA claims in this action by filing individual
        Consents to Sue pursuant to 29 U.S.C. § 216(b),
        and appointing Mr. SANTOS MARTINEZ and ISIDRO
        CASTRO GUERRA and their counsel to represent the
        Collective Action members;

   b.   A declaratory judgment that the practices
        complained of herein are unlawful under the FLSA
        and the New York Labor Law;

   c.   An injunction against the defendants and their
        officers, agents, successors, employees,
        representatives, and any and all persons acting
        in concert with them, as provided by law, from
        engaging in each of the unlawful practices,
        policies, and patterns set forth herein;

   d.   A compensatory award of unpaid compensation, at
        the statutory overtime rate, due under the FLSA

and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: February 23, 2022

_____*Michael Samuel*_____
Michael Samuel (MS 7997)
SAMUEL & STEIN
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs,
SANTOS MARTINEZ and
ISIDRO CASTRO GUERRA
*Individually and on behalf of an*
*FLSA collective and class action*