# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.thesamuellawfirm.com

| | |
|---|---|
| **MICHAEL SAMUEL**<br>michael@thesamuellawfirm.com | ADMITTED IN<br>NY |

April 21, 2023

**Via ECF**

Hon. Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Santos Martinez et al. v. PKS Bagels, Inc., et al.,*
*Case No. 2-22-cv-00975-NRM-SIL*

Dear Judge Morrison:

    We represent the plaintiffs, Santos Martinez and Isidro Castro Guerra ("Plaintiffs") in the above-captioned matter and submit this letter to the Court with the approval of all defendants for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement"), a copy of which is attached herewith as Exhibit "A".

    The Settlement Agreement fully resolves all of Plaintiffs' claims, and it is respectfully submitted that the Court should approve the Settlement Agreement and dismiss Plaintiffs' claims with prejudice because the settlement is a fair resolution of such claims, negotiated in an arm's length negotiation between experienced counsel, in conjunction with mediation.

<u>Background</u>

    Plaintiffs filed their complaint on February 23, 2022 (ECF 1) alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and claims under the NYLL for failure to pay spread-of-hours compensation and to provide wage notices and wage statements. In their complaint, Plaintiffs each alleged that they had been employed at the Bagel Boss bagel shop in Carle Place, New York. Plaintiff Martinez alleged that he worked there as a bagel baker from October 2009 until March 2021. Plaintiff Castro Guerra alleged that he worked there from June 2019 until June 2021, performing various duties including dishwasher, maintenance, supply delivery and food preparation.

The Hon. Nina R. Morrison
April 21, 2023

Plaintiff alleged further that they each worked well in excess of 40 hours per week but that Defendants failed to pay them any overtime premium, and that in some instances their pay did not meet the minimum wage rate set by the state of New York.  Plaintiff Martinez alleged that he worked seven days per week, while Plaintiff Castro Guerra alleged that he worked six days per week.  Additionally, Plaintiffs asserted that Defendants failed to provide them with the notices or weekly wage statements required by the NYLL ("Wage Notice Claims").

Defendants filed their answer on May 6, 2022 (ECF 10), denying most of the substantive allegations made in the Complaint, but admitting that defendant Steven Bergen hired both Plaintiffs, that Plaintiffs did not receive accurate paystubs or wage statements, did not receive spread-of-hours compensation for shifts worked lasting longer than ten hours in length, and did not receive wage notices at the time of hire.  The Settlement Agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

Settlement Agreement

Plaintiffs, through their counsel, engaged in negotiations and document exchange, which included the exchange of copies of some of Plaintiff's payroll records maintained by Defendants, and also participated in mediation with an experienced mediator on January 9, 2023, resulting in the settlement now submitted to the Court for approval.

As indicated in the Settlement Agreement submitted herewith, the settling parties have agreed to settle the claims of Plaintiffs against Defendants for a total of One-Hundred Thousand Dollars ($100,000.00), payable in lump sum, which is inclusive of legal fees and costs. The settlement funds will be paid by Defendants within thirty days of the Court's approval of the settlement. Because Plaintiff Martinez's alleged hours worked, applicable hourly rates of pay and period of employment significantly exceed those of Plaintiff Castro Guerra, the gross settlement funds will be allocated as follows:  $49,616.26 to Mr. Martinez and $16,535.42 to Mr. Castro Guerra, which allocation each plaintiff has been informed of and has agreed to.

Plaintiffs agree to dismiss their claims against Defendants with prejudice and release Defendants from any liability for such claims. While the final settlement amounts of Plaintiffs' FLSA claims are less than their maximum possible recovery, we believe this to be a fair resolution of this matter.

By settling now, after more than one year of litigation, Plaintiffs ensure that they will receive settlement proceeds which are a significant portion of the overtime damages they might be awarded at trial. Plaintiffs desire to resolve their claims now so that they do not have to wait any additional time, face the uncertainty of trial and the possibility that in the end, even in the event that their testimony is credited over Defendants' testimony and records, Defendants might be unable to fully satisfy whatever judgment might be obtained, especially considering that the Bagel Boss shop where Plaintiffs worked is no longer in business.

The Hon. Nina R. Morrison
April 21, 2023

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the settling parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in document exchange, extensive discussion and negotiation between counsel, and mediation, they had sufficient information to assess those risks as to the merits of the claims, as well as the risk that Plaintiffs might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiffs are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendant is also an experienced employment law and litigation attorney. Moreover, prior to entering into the settlement agreement, Plaintiffs thoroughly considered the

3

The Hon. Nina R. Morrison
April 21, 2023

risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of Plaintiffs' claims will have no impact on any other employees or their rights. Plaintiffs are no longer employed by Defendants so there is no likelihood that their circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiffs, we will retain 1/3 of the FLSA settlement (i.e., a total of **$33,333.33**) as attorneys' fees.

In total, Plaintiffs' counsel expended 58.5 hours in representation of Plaintiffs, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of The Samuel Law Firm. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My regular hourly rate for matters such as these is $500. My colleague, Andrew Beresin, has been admitted to practice here since 1992, and has been litigating wage and hour case for the past four years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached as Exhibit B is a record of all time spent and fees incurred by Plaintiffs' counsel on this matter.

We have a standard retainer agreement with each plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co*., 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc*., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc*., 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

4

The Hon. Nina R. Morrison
April 21, 2023

<u>Release and Confidentiality</u>

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Settlement Agreement does not contain a broad, general release of Plaintiffs' claims, and there is no restrictive confidentiality provision prohibiting Plaintiffs from making truthful statements regarding this litigation.

<u>Conclusion</u>

For all of the reasons set forth above, the parties respectfully request that the Court approve the Settlement Agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

                                                                Respectfully submitted,

                                                                <u>/s/ *Michael Samuel*</u>
                                                                Michael Samuel, Esq.
                                                                THE SAMUEL LAW FIRM
                                                                *Attorneys for Plaintiffs*

Cc: David S. Feather, Esq. (Via ECF)
     Feather Law Firm PC
     666 Old Country Road – Suite 509
     Garden City, NY 11530
     516-745-9000
     dfeather@featherlawfirm.com
     *Attorneys for Defendants*